IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, | ) Case No. 09-4098 SC |
| Plaintiff, | ) FIRST ORDER RE: MOTION TO REMAND |
| v. | ) |
| PROBUILDERS SPECIAL INSURANCE COMPANY RRG, ET AL., | ) |
| Defendants. | ) |

**I.  INTRODUCTION**

Defendant American Safety Insurance Company ("ASIC") removed this suit from the Superior Court of the State of California from the County of Contra Costa, citing diversity jurisdiction. See Notice of Removal, Docket No. 1. Plaintiff Steadfast Insurance Company ("Plaintiff") has submitted a Motion to Remand ("Motion"). Docket No. 5. ASIC has submitted an Opposition,[1] and Plaintiff has submitted a Reply. Docket Nos. 7, 9.

**II.  BACKGROUND**

This is a dispute by two insurance providers. Plaintiff and ASIC both issued insurance policies to Northstate Plastering

---

[1] Plaintiff has pointed out that the Opposition was submitted three days later than the deadline set by Civil Local Rule 7-3(a). The Court will consider this Opposition, but ASIC is warned that any future late filings will not be considered.

("Northstate"). See Notice of Removal, Ex. 1 ("Compl.") ¶¶ 8, 12. This policy involved an agreement to defend any suit in which allegations were made of damages because of "property damage" potentially caused by an "occurrence" during the covered period, and not otherwise excluded. Id. ¶ 8. Northstate was then named as a defendant in two suits filed in the Superior Court of the State of California for Contra Costa County, Abelon v. Greystone Homes, No. C04-00883, and Greystone Homes v. A.K. Plastering, No. C04-01659 (collectively, "underlying matters" or "underlying suits"), each involving claims of damages based on "property damage" to a single family home. Id. ¶¶ 9-10. ASIC declined to defend Northstate, however Plaintiff provided a defense. Id. ¶¶ 11-12. Plaintiff now claims that it "incurred sums in excess of its equitable shares," and seeks a declaratory relief concerning the equitable share of sums incurred defending the underlying matters. Id. ¶¶ 13, 17. Plaintiff also asserts a claim for contribution and indemnity, as well as for breach of contract, based on these same facts.

## III. **LEGAL STANDARD**

An action that might have originally been brought in federal court is removable to federal court. 28 U.S.C. § 1441(a). A plaintiff may bring a motion to remand to challenge whether the removal procedures were proper. Id. § 1447(c). "The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. The defendants bear the burden of proving the propriety of removal." Simpson v. Union Pac. R.R. Co., 282 F. Supp. 2d 1151,

1153 (N.D. Cal. 2003) (citation omitted).

## IV. DISCUSSION

### A. Whether Removal was Timely

Plaintiff contends that Defendant did not timely remove this action to federal court. Mot. at 2. ASIC contends that it was served in this matter on or about June 5, 2009, but that it was not required to remove this matter within thirty days of service because the basis for removal was not apparent on the face of the Complaint, Opp'n at 3, -- a point that Plaintiff does not contest. It is ASIC's position that the period for removal did not begin until it received Plaintiff's interrogatory responses on August 6, 2009, which confirmed Plaintiff's place of incorporation, principle place of business, and the amount in controversy. Id. at 3-4. Defendant removed this matter on September 3, 2009 -- less than thirty days after the receipt of these interrogatory responses. See Notice of Removal. The Court finds that the explanation set out by ASIC, which was first set out in the Notice of Removal, suffices to establish a prima facie case that removal was proper.

Plaintiff's position is that ASIC knew that there was a basis for removal long before ASIC received these interrogatory responses, and it refers to documentation that it provided to ASIC around the time that it initially filed this suit. Mot. at 2-4. However, Plaintiff has not identified a single passage or document that was sent to ASIC that demonstrates that the amount in controversy was in excess of $75,000 -- the statutory minimum to support diversity jurisdiction. Plaintiff states that the documents were not included with their Motion because of their

3

volume, and has offered to make these documents available to the Court upon request. Id. at 2 n.1.

This Court believes that, even if Plaintiff had provided documents sufficient to support its factual claims, these documents would not be relevant. The Ninth Circuit has held that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Plaintiff is attempting to show that, by the time ASIC received service of the Complaint, it already knew what the amount in controversy was. However, the Ninth Circuit does not consider the knowledge actually possessed by the Defendant when it determines when the thirty-day period begins -- rather, the basis for removal must appear on the face of the complaint or later documents. Considering documents transmitted before the Complaint was served could needlessly open the door to evidence related to long relationships between parties, and could stray too close to inquiries into the subjective knowledge of the defendants. The Court therefore rejects this as a basis for remand.

In addition, Plaintiff does not suggest that the documents reflected Plaintiff's place of incorporation or principle place of business. The Court in Harris rejected an argument that Plaintiff is advancing here to suggest that ASIC knew or should have known that there was sufficient diversity between the parties. There is no "duty to investigate" whether there is a basis for removal, id. at 696, and therefore the fact that information related to Plaintiff's place of incorporation and principle place of business

4

is available online is irrelevant.

   **B.   <u>Whether This Court Should Decline Jurisdiction</u>**

Plaintiff asserts that this Court should decline to exercise jurisdiction because "[g]enerally, a Federal Court should decline to exercise jurisdiction over an insurance coverage dispute presenting only issues of state law unless there are unique circumstances present to warrant an exception to this rule." Mot. at 4. However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." <u>Gov't Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1225 (9th Cir. 1998). Nevertheless, the Ninth Circuit has announced a "general rule that federal courts should decline to assert jurisdiction in insurance coverage and other declaratory relief actions presenting only issues of state law during the pendency of parallel proceedings in state court." <u>Employers Reinsurance Corp. v. Karussos</u>, 65 F.3d 796, 798 (9th Cir. 1995) overruled on other grounds, <u>Dizol</u>, 133 F.3d 1220 (quoting <u>Am. Nat'l Fire Ins. Co. v. Hungerford</u>, 53 F.3d 1012, 1019 (9th Cir. 1995)) (internal quotation marks omitted).[2]

In determining whether to exercise jurisdiction, the Ninth Circuit has directed district courts to look to the factors set out by <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942), which include: 1) avoidance of needless determination of state law issues; 2) discouragement of the filing declaratory actions as a

---

[2] Although ASIC claims that this suit has nothing to do with the Declaratory Judgment Act, it is incorrect. It is a suit before a federal court that seeks declaratory relief -- the fact that it was initially a state proceeding seeking declaratory relief under an equivalent state act is irrelevant. <u>See</u> <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 753 (9th Cir. 1996) overruled on other grounds, <u>Dizol</u>, 133 F.3d 1220.

5

means of forum shopping; and 3) avoidance of duplicative litigation. Dizol, 133 F.3d at 1225. The Ninth Circuit has also set out a number of other factors, including:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5 (quoting American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)) (quotations omitted); Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005)).

The Court finds that the parties have failed to sufficiently brief this issue. The briefing by either party contains almost no reference to the underlying proceedings, and fails even to conclusively confirm whether the proceedings are ongoing or completed. This prevents this Court from satisfactorily determining whether this suit will present an overlap of issues already addressed by state court proceedings, whether this suit will be in any way duplicative of the state court proceedings, whether the particular state court that this suit was removed from was uniquely positioned to resolve this dispute because of its exposure to the underlying suits, whether the parties could have resolved this dispute through the underlying suits, whether this suit will terminate the controversy with respect to all interested parties, and the extent to which this suit will turn on the

findings or determinations made by the court in the underlying suits. Plaintiffs speak in broad generalities about the relationship between federal insurance proceedings and underlying state proceedings, but they do not explain why this particular case is likely to raise concerns that warrant remand, especially considering the fact that the underlying suits appear to have settled years ago. Similarly, Defendants do not explain why this case will not create the inefficiencies and potential for confusion that courts generally seek to avoid in dismissing and remanding declaratory insurance disputes.

The parties are therefore ORDERD to submit additional briefing on the issues described above, and this time the parties are to apply their analysis to the specifics of this lawsuit and its relationship to the underlying suits.

## V. CONCLUSION

Plaintiff must submit a supplemental brief, not to exceed ten pages in length, no later than January 15, 2010. ASIC may submit a supplemental response, not to exceed ten pages in length, no later than January 22, 2010. This Motion will be decided on the papers after the parties have submitted the supplemental briefing.

IT IS SO ORDERED.

Dated: January 5, 2010

UNITED STATES DISTRICT JUDGE