IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, | Case No. 09-1889 SC |
| Plaintiff, | SECOND ORDER RE: MOTION TO REMAND |
| v. | |
| PROBUILDERS SPECIAL INSURANCE COMPANY, AMERICAN SAFETY INDEMNITY COMPANY, and DOES 1 through 20, inclusive, | |
| Defendants. | |

This Order addresses the Motion to Remand ("Motion") filed by Plaintiff Steadfast Insurance Company ("Plaintiff"). Docket No. 5. In addition to the Opposition filed by Defendant American Safety Indemnity Company ("ASIC"), Docket No. 7, and Plaintiff's Reply, Docket No. 9, both parties have submitted supplemental briefs in response to this Court's previous request for additional information regarding the content and outcome of a prior related state action involving both parties' insured. Docket Nos. 12 ("First MTR Order"), 13 ("Pl.'s Supplemental Br."), 15 ("ASIC's Supplemental Br."). Having considered all of the papers submitted by both parties, the Court concludes that remand of this case is unnecessary, and DENIES Plaintiff's Motion.

Plaintiff contends that this Court should remand this dispute to state court because, as a general rule, federal courts should

not exercise jurisdiction over a declaratory relief action related to an insurance coverage dispute. The Court must consider factors such as 1) the avoidance of needless determination of state law issues; 2) discouragement of the filing of declaratory actions as a means of forum shopping; and 3) avoidance of duplicative litigation. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). Other factors set out by the Ninth Circuit include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Id., 133 F.3d at 1225 n.5 (quoting American States Ins. Co. v. Kearns, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)) (quotation marks omitted).

The Court first notes that there is no parallel proceeding in state court. "The underlying construction defect matters at issue in this case are settled and resolved, and have been dismissed." Pl.'s Supplemental Br. at 5. No state court is currently handling a dispute about the same facts involving the same or related parties. Thus, "there is no parallel state action in light of the settlement" of the underlying dispute, in which this Court may risk meddling or interfering if it retains jurisdiction. See Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1097-38 (D. Haw. 2008).

The Court finds that consideration of this matter in federal

2

court would not require the "needless determination of state law issues," any more than would any other diversity suit involving state claims. Although the Court recognizes that it will need to address questions of state insurance law, it appears to be a routine question of interpreting the language and applicability of an insurance policy. See Allstate Ins. Co. v. Davis, 430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (retaining jurisdiction of insurance dispute, noting that "[o]n numerous occasions, the United States District Court in the District of Hawaii has interpreted insurance policies pursuant to Hawaii state law to determine the scope of an insurer's duties to an insured."). The mere fact that this matter will require an interpretation of an insurance provision or state insurance law is insufficient to warrant remand. See Dizol, 133 F.3d at 1225 ("[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically.").

The Court finds no evidence of forum shopping. ACIS simply removed a state action to this Court, and as this Court previously found, it did so lawfully after it discovered a clear basis for removal, which did not appear on the face of Plaintiff's Complaint. See First MTR Order at 3-5. ACIS did not choose to ignore or avoid a parallel state action in favor of a federal forum.

Should this Court retain jurisdiction, there is no risk of duplicative litigation. Even if both cases involve a common set of core facts, the legal issues of coverage are distinct from the questions of liability in the state suit. See American Cas. Co. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999). Moreover, the parties to the underlying dispute settled the matter themselves,

3

and Plaintiffs have not identified any particular participation by the state court that might suggest that it was involved in the facts of the underlying dispute before settlement, or that it invested any resources that this Court might risk "duplicating" by retaining jurisdiction in this action. "Because the state court case did not include the coverage issue, and because the coverage issue in the federal action was not contingent on any further state court proceedings," there is "good cause" to continue the exercise of jurisdiction in federal court. Id.

As far as this Court can tell, this suit will resolve all of the issues between the parties relevant to the underlying litigation. There is no parallel action that presents risks of entanglement between the federal and state court systems. Although the dispute implicates state insurance law, it appears to be relatively routine in nature. The Court concludes that remand is unnecessary, and jurisdiction is proper. Plaintiff's Motion to Remand is therefore DENIED.

IT IS SO ORDERED.

Dated: February 2, 2010

UNITED STATES DISTRICT JUDGE